IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Troy Ponton, # 62255-066, | ) C/A No. 0:09-2457-HFF-PJG |
| Petitioner, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| Mary M. Mitchell, Warden and Custodian, | ) |
| Respondent. | ) |

The petitioner, Troy Ponton ("Petitioner"), a self-represented federal prisoner, brings this action pursuant to 28 U.S.C. § 2241. This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner is currently incarcerated at FCI-Edgefield in Edgefield, South Carolina, serving a sentence for two drug-related convictions entered upon a jury verdict in the United States District Court for the Eastern District of Pennsylvania ("sentencing court"). See U.S. v. Ponton, Criminal Case No. 07-131-2. Review of the electronic docket of the sentencing court discloses that Petitioner filed an unsuccessful § 2241 habeas corpus petition while he was in pre-trial detention, Ponton v. U.S., Civil Action No. 2:07-4124-JF, and that his convictions were recently affirmed on direct appeal by the United States Court of Appeals for the Third Circuit. See U.S. v. Ponton, No. 08-781, 2009 WL 203648 (3d Cir. July 15, 2009) (unpublished opinion). It does not appear that Petitioner has filed a motion pursuant to 28 U.S.C. § 2255 in the sentencing court.

In the § 2241 Petition submitted to this court, Petitioner claims that his constitutional rights were violated by a vehicle search made in connection with the arrest of his co-defendant, by certain aspects of the arrest warrant that was issued for him subsequent to

that search, and by allegedly perjured testimony used against him in connection with his arrest and the prosecution of the drug-related charges on which he was convicted. He claims that he is entitled to bring such claims before this court under § 2241 because the § 2255 remedy is inadequate and ineffective to remedy the alleged constitutional violations, and he asserts that he is not contesting the underlying validity of his convictions and/or sentence. Finally, Petitioner claims that he is "actually innocent" of the charges on which he was convicted. He does not allege that this actual innocence claim is based on new evidence that was not available to him at the time of his trial. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

## *PRO SE* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the procedural provisions of 28 U.S.C. § 1915; the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*).

This court is required to construe *pro se* petitions liberally. *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious

case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Fine v. City of N.Y., 529 F.2d 70, 74 (2d Cir. 1975). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this case should be dismissed because all of Petitioner's claims are cognizable only under 28 U.S.C. § 2255, not under 28 U.S.C. § 2241, and, despite his conclusory assertions otherwise, Petitioner has not shown that his is an exceptional case in which the § 2255 remedy is inadequate or ineffective. By filing this § 2241 Petition and asserting that constitutional violations occurred in connection with the prosecution of the criminal charges on which he was convicted and claiming actual innocence, without first presenting the claim of underlying invalidity of his convictions to the sentencing court through a § 2255 motion,

Petitioner is improperly attempting to circumvent the statutory framework clearly established by Congress for the consideration of such claims.

Prior to the enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  See Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997).  In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy.  In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners.  Section 2241 remains an option whenever a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention.  See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).  Since the passage of § 2255, § 2241 has been resorted to and found to be a valid means of court review only in limited situations, none of which are present in this case.  For example, it has been found available in actions challenging the administration of parole, see Doganiere v. United States, 914 F.2d 165, 169-70 (9th Cir. 1990); computation of good time or jail time credits, see McClain v. United States Bureau of Prisons, 9 F.3d 503, 504-05(6th Cir. 1993); prison disciplinary actions, see United States v. Harris, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence.  See Atehortua v. Kindt, 951 F.2d 126, 129-30 (7th Cir. 1991).  Essentially, § 2241 is an appropriate basis for a habeas petition where a prisoner challenges the execution of his sentence, but it is not generally available where the underlying validity of the conviction and sentence is being challenged.  See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits).  According to at least one court, "[A] prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute

at all, but instead must proceed under 28 U.S.C. § 2255." Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994). A petition for habeas corpus under § 2241, in contrast to a motion under § 2255, is the remedy to challenge federal confinement that is not pursuant to a sentence of a federal court, the unlawful execution of a valid sentence, or confinement beyond its term. See Atehortua v. Kindt, 951 F.2d at 129-30.

Despite his unsupported contentions otherwise, Petitioner's allegations about a defective vehicle search, a defective arrest warrant and/or indictment, and perjured trial testimony all go to the underlying validity of his convictions and sentence rather than to the manner of execution of the sentence. Such matters are not properly considered under § 2241 unless Petitioner can come within the "savings clause" of § 2255 by showing that this is an exceptional case where 28 U.S.C. § 2255 is neither an adequate nor effective remedy for those issues. See In re Vial, 115 F.3d 1192 (4th Cir. 1977); Tanksley v. Warden, No. 99-4391, 2000 WL 1140751(6th Cir. Aug. 08, 2000) (unpublished opinion); Ward v. Snyder, No. 00-5191, 2000 WL 1871725 (6th Cir. Dec. 12, 2000) (unpublished opinion); Gonzales v. Snyder, No. 00-1095, 2000 WL 636908 (8th Cir. May 18, 2000) (same); Elzie v. Pugh, No. 99-1002, 1999 WL 734453 (10th Cir. Sept. 21, 1999) (same); Onaghise v. Bailey, No. 98-17174, 1999 WL 613461 (9th Cir. Aug. 12, 1999) (same). Under the circumstances presented in this case, Petitioner cannot demonstrate that the § 2255 remedy is inadequate or ineffective because it is clear from the docket of the sentencing court that he has not even tried to pursue a § 2255 motion as of this date. This court cannot overrule the decisions of the sentencing court or the Third Circuit Court of Appeals, and Petitioner's failure to pursue available and appropriate statutory procedures to have his arguments considered in the proper forum indicates that his current § 2241

Petition was filed in an improper attempt to circumvent the requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996, commonly referred to as the AEDPA.[1]

Finally, Petitioner's statement that he is actually innocent of the crimes for which he was convicted and sentenced does not require this court to consider the merits of his Petition.[2]  Assuming without deciding that, under exceptional circumstances, viable claims of actual innocence may be stated and pursued in § 2241 petitions, but see In re Davis, No. 08-1443, 2009 WL 2486475, * 2, _ S. Ct. _ (Aug. 17, 2009) (Scalia, dissenting) (questioning whether the Constitution requires courts to consider late-filed actual innocence claims where the trial was "full and fair" and "untainted by constitutional defect . . . ."), cognizable claims of actual innocence are extremely rare and must be based on "factual innocence not mere legal insufficiency." Bousley v. U. S., 523 U.S. 614, 623 (1998); see also Doe v. Menefee, 391 F.3d 147 (2d Cir. 2004).  In the present case, Petitioner's purported actual innocence claim is facially inadequate to require consideration because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence of the criminal charge on which he was convicted.  See Schlup v. Delo, 513 U.S. 298, 324 (1995) (to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory

---

[1] The AEDPA made many changes to prior practice in federal habeas corpus actions and created the current statutory rules regarding the timing, filing, and consideration of habeas corpus cases, including cases filed under either § 2255, § 2241, or § 2254.

[2] Claims of actual innocence appear to the be the most recent alternative to the inadequate and ineffective remedy argument generally raised by prisoners such as Petitioner who essentially attempt to receive an improper "second or third bite of the apple" by filing § 2241 petitions collaterally attacking convictions and sentences following unsuccessful direct appeals and/or § 2255 motions.



scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial"); Doe v. Menefee, 391 F.3d at 161 (quoting Schlup for the evidentiary standard required for a court to consider an actual innocence claim); Thompson v. U. S., No. 99-3893, 2000 WL 571952(6th Cir. May 2, 2000) (unpublished opinion, text available on Westlaw) (bare allegations of actual innocence as to the charge to which the Petitioner pleaded guilty are not facially adequate to invoke exceptional review of a conviction under § 2241). Moreover, as previously stated, Petitioner has not yet pursued a § 2255 motion and, thus, he does not need to assert actual innocence to avoid the procedural bypass doctrine because he is not precluded from asserting either his constitutional violation claims or his alleged innocence before the appropriate court to consider such claims: the sentencing court.

## RECOMMENDATION

Accordingly, the court recommends that the petition for a writ of habeas corpus in this case be dismissed without prejudice and without issuance and service of process. See Toney v. Gammon, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

_____

October 21, 2009  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).