

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| TROY PONTON, | § | |
|     Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 0:09-2457-HFF-PJG |
| | § | |
| MARY M. MITCHELL, Warden, | § | |
|     Respondent. | § | |

## ORDER

This case was filed as a 28 U.S.C. § 2241 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the petition for a writ of habeas corpus be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 23, 2009, and the Clerk of Court entered Petitioner's objections to the Report on November 3, 2009.

In the Report, the Magistrate Judge concluded that this action should have been brought in Petitioner's sentencing court under 28 U.S.C. § 2255 because Petitioner is raising constitutional challenges to various aspects of his underlying conviction. The Magistrate Judge disagreed with Petitioner's claim that § 2241 relief is appropriate because § 2255 is inadequate or ineffective to remedy the alleged constitutional violations.

Petitioner's Objections consist largely of conclusory statements and sweeping references using general legal terms. Specific objections are necessary to focus the Court's attention on disputed issues. *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985) (requiring specific objections to a magistrate judge's report to enable district court judges to focus on disputed issues and to prevent "sandbagging" of district judges by litigants who fail to object and then appeal). Because general objections to the Magistrate Judge's Report do not direct the Court's attention to any specific portion of the Report, they are tantamount to a failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate [judge]'s report has the same effects as would a failure to object.").

Despite its general and conclusory nature, Petitioner's Objections contain a few specific arguments. First, Petitioner complains that the Magistrate Judge improperly analyzed his petition because she failed to note that it was filed under § 2241(c)(3), as opposed to § 2241 generally. However, this distinction is irrelevant and misconstrues the habeas statute. Subsection (c) lists five conditions on the exercise of the writ of habeas corpus under § 2241, of which (c)(3) is one of the most commonly utilized. The Magistrate Judge's analysis would not have changed even if she had noted that the petition was brought under § 2241(c)(3). Thus, this argument is without merit.

Petitioner also asserts that § 2255 is not the proper vehicle to remedy his alleged constitutional violations. However, he fails to explain why. After reviewing Petitioner's petition, the Court agrees with the Magistrate Judge that Petitioner is essentially seeking relief from an allegedly unconstitutional federal sentence. Such actions must generally be brought under § 2255 in the sentencing court.

Petitioner fails to refute the Magistrate Judge's contention that he has not yet filed a § 2255 in the sentencing court nor does he explain how his remedy under § 2255 is "inadequate or ineffective."[*] Thus, the Court agrees with the Magistrate Judge that Petitioner cannot bring what is essentially a § 2255 petition in the form of a § 2241 petition.

Petitioner's remaining objections are without merit.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that the petition for a writ of habeas corpus be **DISMISSED** *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 5th day of November, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

---

[*]Title 28 U.S.C. § 2255(e) notes that a federal prisoner who wishes to challenge his conviction or sentence must do so in the court that sentenced him unless the prisoner shows that the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (2009).

*****
## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within 60 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.